Dorie Benesh Refling
Jessica Penkal Hodges
Benjamin L. Refling
REFLING HODGES LAW GROUP PLLC
233 Edelweiss Dr, Ste 10A
Bozeman, MT 59718
Tel: (406) 582-9676
Fax: (406) 582-0113
refling@reflinglaw.com
hodges@reflinglaw.com
ben@reflinglaw.com

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT OF MONTANA, BUTTE DIVISION

| | | |
|---|---|---|
| MARTEL CONSTRUCTION INC, | ) ) ) | Cause No. *Cv-14-4-BU-SEH* |
| Plaintiff, | ) ) | |
| v. | ) ) | COMPLAINT AND DEMAND FOR JURY TRIAL |
| JMH MONTANA PROPERTY LLC, JOHN HEILY, and DEANNA HEILY, | ) ) ) ) | |
| Defendants. | ) | |

Plaintiff, Martel Construction Inc ("Martel"), states for its Complaint against

Defendants John Heily and Deanna Heily (collectively "Heilys" unless the context

requires otherwise) and JMH Montana Property LLC ("JMH") (collectively

"Defendants") as follows:

### Parties

1.      Martel is a corporation organized under the laws of the state of

Montana and engaged in the business of construction in the state of Montana.

2.      Upon information and belief, Heilys are residents of Washington who live part-time in Madison County, Montana.

3.      Upon information and belief, JMH is a limited liability company organized under the laws of the State of Washington and not authorized to do business in the state of Montana. Upon further information and belief, John Heily is the managing member of JMH.

## Jurisdiction and Venue

4.      Jurisdiction is proper because complete diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332.

5.      Venue is proper because the substantial majority of the events and omissions giving rise to the dispute occurred in Montana, and the property that is the subject of this action is entirely situated in Madison County, Montana. 28 U.S.C. § 1391.

## Factual Background

6.      This lawsuit concerns a real estate improvement contract for the construction of a luxury home on real property located in Madison County, Montana, to wit:

A tract of land located in the SE1/4 of Section 31 and in the SW1/4 of Section 32, Township 5 South, Range 4 West, P.M.M., Madison County, Montana, and in Government Lots 1 through 3 of Section 6 and in Government Lots 3 and 4 of Section 5, Township 6 South, Range 4 West, P.M.M., Madison County, Montana, more particularly shown and described as "Track KI" on Certificate of Survey filed in Book 7 of Surveys, page 2162-BA, records of Madison County, Montana.

(The "Real Property").

7.    The Real Property is owned by JMH. JMH is a limited liability company that was formed by Heilys. Heilys are JMH's authorized agents.

8.    In or around December, 2011, Martel and Heilys, acting both personally and as agents of JMH, entered into a written contract for the construction of a luxury home on the Real Property (the "Contract"). The home is called "Heily Ranch."

9.    At least as early as February 7, 2012 and continuing until at least November 26, 2013, Martel furnished material, labor, supplies, and equipment to construct Heily Ranch pursuant to its obligations under the Contract.

10.    The Contract required final payment to be made to Martel when it fully performed the Contract, when it submitted a final accounting and a final pay application, and when the Architect issued a final certificate of payment.

11.    On November 11, 2013, Martel submitted its final application for payment and a final accounting to the Defendants and their project architect. Upon

information and belief, the Defendants received this invoice on November 12, 2013.

12.     The Contract permitted the Defendants to request an audit of Martel's cost of the work not later than December 12, 2013. The Defendants failed to make a timely request for an audit but Martel, nonetheless, agreed to permit an audit to occur after December 12, 2013.

13.     Upon information and belief, Defendants' auditors conducted the audit and reported the results to the Defendants' architect on January 12, 2014. Defendants' architect had until January 19, 2014 to either issue a final certificate for payment or to explain to Martel why it was withholding the certificate in accordance with certain provisions of the Contract. Defendants and their architect have failed and refused to issue a final certificate of payment or to explain to Martel why payment is being withheld following the audit.

14.     Since November 12, 2013 Defendants' architect has failed and refused to issue a final certificate for payment and Defendants have failed and refused to pay the remaining $363,993.47 balance of the contract price and the interest accruing thereon.

15.     On December 5, 2013, in accordance with the Contract's terms, Martel provided Defendants with notice of its claim for payment of the balance of the contract sum.

16.   On January 21, 2014, in the manner provided by law, Martel caused to be recorded with the Madison County Clerk and Recorder a construction lien (the "Lien"), recorded as Document No. 154459, for Martel's unpaid contract price of $363,993.47 plus interest and attorneys' fees as permitted by law.

## Claims

## COUNT I
## (Breach of Contract)

17.   Martel reasserts the preceding paragraphs as though fully asserted herein.

18.   Martel and Defendants are parties capable of contracting, who entered into a consensual, written agreement with the lawful object of constructing the Heily Ranch on the Real Property.

19.   In consideration for Martel providing labor and services related to constructing Heily Ranch, Heilys, acting both personally and as agents of JMH, agreed to pay Martel a contractually established amount (the "Contract Sum").

20.   Martel performed its obligations under the Contract by furnishing labor and materials to Heily Ranch.

21.   Defendants have a duty to pay Martel for its labor and materials pursuant to their Contract.

22.   Defendants have failed and refused to pay the $363,993.47 remaining balance of the Contract Sum.

Case 2:14-cv-00004-SEH   Document 1   Filed 01/31/14   Page 6 of 11

23.     As a result of Defendants' failure to pay, Martel has been damaged in an amount of not less than $363,993.47.

24.     Martel is entitled to judgment against Defendants for their breach of contract in an amount to be determined at trial.

## COUNT II
### (Foreclosure of Construction Lien)

25.     Martel reasserts the allegations set forth in the preceding paragraphs as if set forth herein.

26.     Martel furnished labor and materials for the construction of Heilys' luxury home on the Real Property described in ¶ 6.

27.     The Contracting Owner of the Real Property is JMH acting by and through its agents, Heilys.

28.     Heilys, acting both personally and as agents for JMH, entered the Contract with Martel.

29.     At the request of Defendants, Martel provided labor and materials for the construction of Heily Ranch.

30.     Martel was not required to give notice of its intent to file a lien because it furnished services and materials directly to the Contracting Owner, JMH, through its agents, Heilys.

31.     Martel filed its Lien on January 21, 2014, a date within 90 days of November 26, 2013, the last day it furnished labor and materials to Heily Ranch.

COMPLAINT AND DEMAND FOR JURY TRIAL                                          PAGE 6

Martel served the Lien on the Defendants in accordance with Montana law.

32.     Martel's Lien meets the procedural requirements of Montana's Construction Lien Statutes, §§71-3-521, et seq, MCA. Defendants have actual and constructive knowledge of the Lien.

33.     Martel's Lien contains a true and just account of the amounts due from Defendants and it contains a correct description of the property to be charged with the Lien

34.     It has been necessary for Martel to engage the services of Refling Hodges Law Group PLLC, attorneys at law, of Bozeman, Montana, to prosecute this claim. Martel requests the Court award reasonable attorneys' fees for the law firm's services in connection with this action together with the costs of preparing and filing the Lien, interest, and all other incidental costs and disbursements incurred in connection with this matter.

35.     Martel's Lien meets the substantive requirements of Montana's Construction Lien Statutes, §§71-3-521, et seq, MCA, which are liberally construed in Martel's favor.

36.     Martel requests judgment against Defendants for the unpaid amount of the Lien in the sum of $363,993.47 together with interest, service charges, costs and attorneys' fees as provided by law. By this action, Martel seeks to foreclose the lien upon the above described Real Property, to have the Real Property sold for

the purpose of satisfying the lien and the payment of such funds due and owing to

Martel in the amount of judgment obtained by Martel, or, in the alternative, in the

event a valid lien substitution bond has been filed as provided by law, that Martel

have judgment for recovery against the principal or the surety on the bond for the

full amount of the judgment together with any interest, costs, attorneys' fees, and

other sums which Martel would be entitled to recover on foreclosure of the Lien.

## COUNT III
## (Unjust Enrichment and *Quantum Meruit*)

37.    Martel reasserts the preceding paragraphs as if fully set forth herein.

38.    In performing the Contract and supplying labor and materials

consumed in the construction of Heily Ranch, Martel rendered valuable services,

labor and materials for the benefit of Defendants.

39.    The services, labor and materials provided by Martel were accepted

by Defendants and continue to be used and enjoyed by Defendants.

40.    Defendants have been unjustly enriched because they have retained

the benefit from their use and consumption of the labor and materials Martel

provided in the construction of Heily Ranch.

41.    Defendants have failed and refused to pay Martel the full value of its

work performed on Heily Ranch.

42.    Martel is entitled to recover the sum of $363,993.47, together with

interest, cost, and attorneys' fees as provided by law for the reasonable value of the

benefit conferred and to prevent the unjust enrichment of Defendants.

**COUNT IV**
**(Violation of Montana's Prompt Payment Act §§ 28-2-2101 *et seq.*, MCA)**

43. Martel is a contractor that performed pursuant to its Contract to provide services, labor and materials in connection with constructing Heily Ranch.

44. Heily Ranch is a residential dwelling with a total cost exceeding $400,000.00.

45. Defendants failed to provide a written statement containing disapproval of specific items within 21 days of receiving Martel's request(s) for payment.

46. Because Defendants failed to provide the required written disapproval, Martel's request(s) for payment are deemed approved.

47. Martel is entitled to payment for its approved requests in the amount of $363,993.47, plus interest at a rate of 1.5% per month (18% per annum), plus its reasonable costs and attorneys' fees for enforcing payment by this action.

WHEREFORE, Martel respectfully requests the following:

1. That Martel be awarded damages as a result of Defendants' breach of the Contract.

2. That Martel be granted an order to foreclose its Construction Lien on the Real Property to recoup the value of its Contract price.

3.     That the Court find that Defendants would be unjustly enriched if they did not have to pay Martel for its labor, services and materials, and that judgment be entered against Defendants in an amount to be proven at trial.

4.     For damages due to the violation of Montana's Prompt Payment Act in the amount of $363,993.47, together with interest, costs and attorneys' fees and such additional damages which Martel has incurred as a result of Defendants' violations of the Act.

5.     That Martel be awarded its interest and costs as allowed by the Contract and by law.

6.     That Martel be awarded its attorneys' fees as allowed by the Contract and by law.

7.     For such other and further relief as the Court may deem just and proper.

DATED this 31st day of January, 2014.

REFLING HODGES LAW GROUP PLLC

/s/  Jessica Penkal Hodges
Jessica Penkal Hodges
233 Edelweiss Drive, Ste 10A
Bozeman, MT 59718
Tel: (406) 582-9676
hodges@reflinglaw.com
Attorneys for Plaintiffs

## DEMAND FOR JURY TRIAL

Plaintiff Martel Construction Inc demands trial by jury on all of the issues presented in this case which are triable by a jury.

DATED this 31st day of January, 2014.

REFLING HODGES LAW GROUP PLLC

/s/  Jessica Penkal Hodges
Jessica Penkal Hodges
233 Edelweiss Drive, Ste 10A
Bozeman, MT 59718
Tel: (406) 582-9676
hodges@reflinglaw.com
Attorneys for Plaintiffs